IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL MAYFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-04200-CV-C-BP |
| | ) |
| JILL SCHLUDE, *et al*, | ) |
| | ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

In August 2025, the Honorable Judge Henry E. Autrey of the Eastern District of Missouri provisionally granted Plaintiff's Motion for Leave to *Proceed In Forma Pauperis* and transferred the case to this District. (Doc. 3.) Plaintiff then moved the Court to have the Complaint served by the United States Marshal's Office. (Doc. 7.) However, upon review of the case, the Court revisited Plaintiff's eligibility for *in forma pauperis* status and ordered Plaintiff to file an Amended Complaint by December 30, 2025 to correct the deficiencies. (Doc. 8.) The Court's Order notified Plaintiff that if the deficiencies were not corrected, *in forma pauperis* status would be revoked. (Doc. 8.) Plaintiff did not file an Amended Complaint.

28 U.S.C. § 1915(a)(1) permits a court to allow a litigant to proceed without paying the necessary filing fee. However, *in forma pauperis* status can be denied "at any time" the Court determines these standards have not been met, 28 U.S.C. § 1915(e)(2), which means the Court's initial decision can be withdrawn. *See Heimermann v. Global Sec. Tr. Co.*, 132 F.3d 36 (7th Cir. 1997); *see also Oughton v. United States*, 310 F.2d 803, 804 (10th Cir. 1962). While pro se complaints are generally to be liberally construed, *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982) (internal citations omitted), § 1915(e)(2)(B) declares leave to proceed *in forma*

*pauperis* should be denied, and the case dismissed, if the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous under § 1915(e)(2)(B)(i) if there is "indisputably absent any factual or legal basis for the wrong asserted in the complaint." *Williams v. White*, 897 F.2d 942, 943 (8th Cir. 1990) (quotation omitted). This standard is higher than the standard for dismissing a case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *id.*, but the 12(b)(6) standard is also applicable by virtue of § 1915(e)(2)(B)(ii). Under that standard, a complaint must contain sufficient factual content to allow the court to draw the reasonable inference (and more than a sheer possibility) that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also*, *Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013). Complaints relying on conclusory or vague allegations are improper. *Green v. White*, 616 F.2d 1054, 1055 (8th Cir. 1980). A plaintiff must allege the actions taken illegally by each individual defendant. *E.g.*, *Straeten v. Potosi Corr. Ctr.*, 2009 WL 4894550, at *4 (W.D. Mo. Dec. 17, 2009); *Downey v. United States*, 2019 WL 13258141, at *2 (W.D. Mo. July 30, 2019).

In his Complaint, Plaintiff generally describes his concerns, but he does not sufficiently put Defendants on notice as to what illegal actions he believes each Defendant took part in. Plaintiff alleges that (1) he is disabled, (2) he is living in federally funded housing, and (3) that his "civil rights are being violated." (Doc. 1, p. 4.) He claims that a number of people from a number of government agencies are conspiring against him, but he does not specify the circumstances of the conspiracy or what these individuals are conspiring to do. (Doc. 1, p. 5.) He does not describe how his civil rights are being allegedly violated. He describes a number of difficulties he has had in his life but offers no explanation as to how any defendant was involved in causing them, nor

2

any conduct which would be considered a civil rights violation. (Doc. 1, p. 7.) Without being more specific about each Defendant's actions and how each action caused harm to Plaintiff, the Complaint is too conclusory and vague to be proper.

Because Plaintiff's original Complaint is absent any factual or legal basis for the wrong asserted, his *in forma pauperis* status is now revoked. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATE: January 16, 2026

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT